IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FERMIN MAYA-JIMINEZ,<br><br>*Petitioner*,<br><br>v.<br><br>PATRICK CONTRERAS, Director of the Houston Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; MARKWAYNE MULLINS, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, Acting U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW (EOIR); and WARDEN, IAH Secure Adult Detention Facility,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00607<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Fermin Maya-Jiminez (Maya-Jiminez)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Maya-Jiminez is a foreign national. [Dkt. 1]. Maya-Jiminez has been in immigration detention since June 25, 2026. *Id.*

On August 11, 2026, Maya-Jiminez brought a habeas corpus petition, claiming that his detention violates the Immigration and Nationality Act and the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Maya-Jiminez argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1 at ¶ 26]. The Fifth Circuit, in a split decision, recently held that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within 90 days. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). This decision was vacated, and rehearing en banc granted, on July 10, 2026. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

Even so, the Fifth Circuit in *Rodriguez* did not hold that habeas is the proper form of relief. Under *Carson*, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Maya-Jiminez's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1 at ¶ 26]. Maya-Jiminez's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Maya-Jiminez's due-process claim is ill-suited for a

habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.* This is true of all theories in Maya-Jiminez's Petition. *See generally* [Dkt. 1].

Here, a properly conducted bond hearing would not invariably result in Maya-Jiminez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Maya-Jiminez's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. This is because the alleged violation was not by way of Maya-Jiminez's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Maya-Jiminez to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

**B. Immigration and Nationality Act**

Maya-Jiminez challenges the Government's authority to detain him while removal proceedings are pending. [Dkt. 1 at ¶ 7]. His challenge is misplaced for a few reasons. At least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must*

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), Maya-Jiminez argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Maya-Jiminez is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.*

## IV. CONCLUSION

It is therefore **ORDERED** that Maya-Jiminez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. Any and all pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 16th day of September, 2026.**

Michael J. Truncale
United States District Judge